---

### In re ODELL'S ESTATE.

(*Surrogate's Court, New York County.* July 28, 1888.)

1. TRUSTS—POWERS OF TRUSTEES—ANTICIPATING INCOME.
   Trustees paid certain sums to a *cestui que trust*, as interest from the trust fund, at a time when there was no income. *Held*, that they had no right to do this, and could not, when income had accrued, credit the amount so paid as income paid, and reimburse themselves from the income in their hands.

2. TRUSTS—SETTLEMENT OF ACCOUNTS—REPAIR OF TRUST PROPERTY.
   Where the referee allows trustees for expenditures for repairs, without evidence of the necessity for such repairs, the matters will be referred back for further inquiry.

In the matter of Lawrence Odell, deceased. On exceptions to referee's report *sur* account of trustees.

RANSOM, S. The account of the trustees was filed January 9, 1888, and objections thereto having been filed, an order of reference was made. Certain exceptions were filed to the referee's report on behalf of the contestant, and two exceptions by the trustees. I will consider the exceptions filed by the contestant. The first exception is to the first finding, in so far as it fails to charge the trustees with interest on the sum of $800, which sum is charged as money in their hands belonging to the trust-estate. There was little testimony taken relating to this item; reference being made to the voucher, which shows that this amount was paid to architects for making drawings and certain specifications of a house to be built, etc. The contract with these architects was made by the testator, and their charge became a debt against the estate, and payable by the executors, and not by the trustees. As to the question of interest on this sum, if the trustees held, at the time of the payment of this amount, a distinct and separate fund, as executor and executrix, which would never become a part of the trust fund, then they should certainly be charged with interest; but if the funds they held in the latter capacity have become a part of the trust fund, so that they no longer retain any fund as executors, then interest will not be charged. There was no testimony taken that throws any light upon this point, nor do the papers now submitted show whether they still retain any such fund. The second exception is directed to the second finding, in so far as it fails to charge the trustees with interest on certain sums from certain dates, said sums being disallowed by said findings. The same observations will apply to this exception and finding as those named in regard to interest on the $800. The third exception is to the finding that holds the trustees are entitled to be credited with $293.73 as paid to the contestant, September 15, 1886, and in so far as the referee allows any credit, as against advances which are disallowed by said finding. The evidence on this point is that the trustees paid certain sums to this contestant, to be received by her as the interest from the trust fund; but, at the time these payments were made, there was no income; but later on, when income had accrued, they credited the amounts already paid in their account as income paid, and reimbursed themselves from the income then in their hands. This exception is well taken. The trustees had no right to advance income when there was none, and to reimburse themselves thereafter for such advances. While this is a hard rule of law governing this question, I cannot refrain from expressing my condemnation of this exceptant's position. She had the money, and in good conscience ought to credit it to the trustees, whose act was in her real interest, and was at her urgent request. *In re Rutherford*, 5 Dem. Sur. 499. The eleventh and twelfth exceptions to the findings, allowing the sums paid

Mr. Schaeffer and Mr. Fromme as counsel fees, are overruled, except that the charge made for preparing the account was not properly before the referee, and is disallowed. I next come to the consideration of the sixth, seventh, eighth, and ninth exceptions to the findings of the referee, whereby the trustees were found to be entitled to be credited with the amounts expended by them for plumbing, for certain stone-work, for paint and painting, and for lintels and sills. Although there was no evidence introduced by contestants showing these expenditures to have been unnecessary or unreasonable, still, on the other hand, the actual necessity for these repairs, that the preservation of the property depended upon their being made, was not shown by the trustees. The fourth and fifth exceptions have already been covered by the disposition made of the others. The entire matter is sent back to the referee to inquire (1) whether, at the time the certain payments were made, referred to in his first and second findings, the trustees held, as executor and executrix, any funds, and whether they now hold such funds in that capacity; and (2) that he take further proof as to the exact condition of the premises at the time the expenditures were made for repairs thereon, and detailed evidence as to the character of the work that was done; and (3) as to the allowance or rejection of the item of $21.52, represented by voucher 60, concerning which he has failed to report.