---

## In re MULLER et al.

(Supreme Court, Appellate Division, First Department. June 24, 1898.)

1. TRUST FUND—DEPOSIT WITH TRUST COMPANY—INTEREST.

The mere fact that a surrogate's order, upon the settlement of the accounts of an executor, in setting apart a specific fund to be held under a testamentary trust to receive and apply income, directs it to be deposited in a trust company, does not warrant continuing such deposit beyond the time required for temporary safety while seeking a permanent lawful installment, and, if retained there longer, the trustee is chargeable with a sum sufficient to bring the interest up to 6 per cent.

2. SAME—LIABILITY OF TRUSTEE.

    Where a trustee, under a trust to invest a fund and receive and apply the income, retains it in his own hands uninvested, and is accordingly charged with legal interest thereon, he cannot be refused a credit, for sums paid as interest to the beneficiary at the latter's request, on the claim that no interest was earned; the theory of the charge being that interest is conclusively presumed to have been earned, though not from a proper investment.

Appeal from surrogate's court, New York county.

In the matter of the judicial settlement of the proceedings of Lee E. Muller and Leo H. Muller, trustees under the last will and testament of Anna Muller, deceased. From a decree settling the estate, Leo H. Muller appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and INGRAHAM, JJ.

William F. Randel, for appellant.

Thomas B. Browning, for respondents.

PATTERSON, J. This is an appeal by Leo E. Muller, trustee under the last will and testament of Anna Muller, deceased, from a decree of the surrogate of the city and county of New York, settling his account, and charging him with a balance in favor of Marc J. E. Muller, the cestui que trust, who became entitled to the income of a trust fund under a provision in the will of his mother, which provision is in the following words:

"I direct my executors hereinafter named to take out of my estate $6,000, and safely invest the same, and during the lifetime of my oldest son, Marc Joseph Emile Muller, and pay him semiannually the income thereof, and after his death divide the principal among his children in equal shares, the issue of any deceased child to take the share its parent would have taken if then living."

The will was admitted to probate, and the executors qualified and administered upon the estate. Subsequently an executor's accounting was had, and a fixed sum was named in the decree entered upon such accounting, as constituting the capital of the trust for the benefit of Marc J. E. Muller. Direction was given in the decree that the sum be put into a trust company, which was done. The present appellant, Leo E. Muller, was the sole trustee of that fund. He never rendered an account of his proceedings as trustee to his cestui que trust until compelled to do so in this present proceeding. It appears in the record now before us that the trustee allowed the whole of the trust fund to remain for some time in the trust company, and then withdrew a large part thereof, which he used for his own purposes or retained without investment, and that none of the trust fund was invested in the manner required by law until February 12, 1892, when $5,000 thereof was invested on bond and mortgage drawing interest at 5 per cent. The principal amount originally deposited with the trust company was $5,896.42. In reduction of this amount, payments made by the trustee under orders of the supreme court of $450 and of $100 have been allowed, thus reducing the capital of the trust to the sum of $5,346.42. When the trustee's account was filed in this proceeding, certain specific

objections were taken to it by Marc Muller, the cestui que trust. They were, first, that the act of the trustee in keeping on deposit in the trust company the whole amount of the trust fund was not a lawful investment; that the withdrawal and retention or use by the trustee for his own benefit of such trust fund, or any portion thereof, was also unauthorized; that such application of the trust fund was not in accordance with the will of the deceased, nor in obedience to the order of the court made on the executor's accounting; and that, therefore, the trustee was chargeable with interest on the whole of the trust fund. That objection was upheld by the surrogate, and rightly so. There was no proper investment made of the trust fund. It is quite apparent, from the decree made on the executor's accounting, that the deposit in the trust company was not intended as a permanent investment, but merely for the temporary safety of the fund, and it became the duty of the trustee to invest or seek to invest that fund in the manner required by law, or in what is ordinarily known as "court investments." The decree in this present proceeding was therefore properly made, so far as it relates to charging the trustee with the whole amount of principal of the fund and interest thereon from six months after the date of the deposit with the trust company at the rate of 6 per cent. down to the time of the investment of the $5,000, and after that at the rate of 5 per cent. upon the $5,000. As thus made up, the account shows a sum of $9,047.78 for which the trustee was chargeable. In the decree the trustee is credited with the $5,000 capital invested and the two items of expenditure above referred to, leaving a cash balance of $3,497.78, of which $346.42 is principal, being the uninvested part of the capital remaining in the trustee's hands.

But the cestui que trust, the exceptant here, filed another objection to the account, which is to the allowance of moneys paid by the trustee to him (the exceptant) as contained in vouchers "numbered 18 to 27, both and all inclusive." Those vouchers are receipts given by this respondent, Marc Muller, to the trustee for moneys actually paid to him on account of income of the trust fund from the 6th day of April, 1888, to and including the 29th day of October, 1894. They are the only vouchers objected to, and the only items of payment brought within the scope of the objection. It was proven beyond dispute that this trustee, who is the brother of the respondent, paid to him, at his request, or to the wife of the exceptant for herself and her children, at his request, sums of money on account of income of the trust fund; those moneys paid directly to the exceptant being understood by him to be on account of income, and the payments made to the wife for the benefit of the children, according to the exceptant's own testimony, having been made at his request, and to be a charge against him and the interest he was to receive from the estate, and to be deducted therefrom. The ground of the objection to the allowance of these payments by the trustee is that, inasmuch as the principal of the trust fund was not invested and was not earning income, the trustee could not advance moneys to the cestui que trust in such a way as to be entitled to charge them against income when it should be received, or,

in other words, he could not advance by anticipation; and that, having done so, the relation only of debtor and creditor was established between the trustee and the cestui que trust, and that the surrogate was without jurisdiction to allow such so-called advances on the settlement of the trustee's account.

A trustee may not make advances of moneys to his cestui que trust in anticipation of their receipt, when it is provided by the will that an income for support is to be paid at a fixed period. In re Jones' Estate, 10 N. Y. St. Rep. 164; In re Odell, 1 Connolly, 91, 2 N. Y. Supp. 752. But the case now before us does not present that feature.. By the decree of the surrogate, the trustee is charged with interest on the funds in his hands precisely in the same way as if an investment had been made and interest earned at the rate of 6 per cent. That is to say, he charges the trustee personally for the use of the money. So charging him, he having the possession or use of that money, there was no advance of income to the cestui que trust in anticipation, nor is there any deduction of amounts paid from income subsequently realized. The trustee is charged with current interest precisely as if it were being earned on investments. It is very true that no interest accrued that was payable, under the terms of the will, until six months after the date at which the trustee became chargeable personally with that interest, and possibly what he may have given the cestui que trust during that six months might be regarded as being advanced; but the objection filed here does not reach that period. As the surrogate very properly held, the objection must be confined to the specific vouchers attacked, and those vouchers only cover a period beginning in the year 1888. We think, therefore, that the surrogate was in error in refusing to the trustee the credit for the amounts paid to the exceptant, and at his request, for the benefit of his wife and children. Those items should have been allowed.

There is some difficulty in ascertaining from the record the exact credit which should be given the trustee for those payments. The decree of the surrogate should, therefore, be reversed, and the proceedings remitted to the surrogate's court, that the account may be settled in accordance with the views expressed in this opinion, with costs to appellant to be paid out of the estate. All concur.